UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

RANDY BLAYLOCK,

                Plaintiff,

v.

ELITE ENGINEERING, INC.,

                Defendant.
_____/

Case No 20-cv-
Hon.

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Road, Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Randy Blaylock, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendant Elite Engineering, Inc. and in support thereof states:

1. Plaintiff Randy Blaylock ("Blaylock" or "Plaintiff") is a resident of the Township of Northville, Wayne County, Michigan.

2. Defendant Elite Engineering, Inc. ("Elite" or "Defendant") is a Michigan corporation with its principal place of business located in the City of Rochester Hills, Oakland County, Michigan.

1

3. Jurisdiction is vested with this Court pursuant to 29 USC §201 and 28 USC §1331. Venue lies in the Eastern District of Michigan.

4. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 USC §1367.

5. The events giving rise to this cause of action occurred within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

*Unpaid Commissions:*

6. Blaylock became employed with Elite on January 18, 2017 as the Vice President of Sales.

7. On or about December 11, 2016, the parties entered into a contract of employment that provided that Blaylock was to be paid a base salary plus commissions, as well as reimbursement for expenses and other fringe benefits.

8. The December 11, 2016 employment contract provided that Blaylock was to be paid a 4% commission on all eFlex computer software sales.

9. During the 2017 year, Blaylock was only paid a portion of the sales commissions that were owed to him.

10. Among the commissions that were not paid for 2017, Elite failed and refused to pay Blaylock any commissions for the sales of eFlex computer software to General Motors.

11. Upon information and belief, and as admitted by one of the Defendant's owners, Elite had approximately $5,000,000.00 in eFlex software sales to General Motors in 2017.

12. In 2018, the parties modified Blaylock's employment contract; the modification resulted in Elite paying Blaylock a higher base salary and adjusting his sales commissions.

13. Pursuant to the 2018 modifications, Blaylock was to be paid 6% commission for new, or first-year, software licenses and a 3% commission for yearly software license renewals by Elite customers. The modification of the commission payment also specifically excluded the sale of any eFlex software to General Motors.

14. Pursuant to the 2016 employment contract and the 2018 modifications, Blaylock was paid a draw in the amount of $2,400.00 per month against the commissions that he earned.

15. Pursuant to the terms of the employment contract, as modified in 2018, the parties were to reconcile the draws received by Blaylock against the commissions he earned on a quarterly basis.

16. For the year 2019, after reconciliation of Blaylock's earned commissions against his monthly draws, there remains commissions owed to Blaylock by Defendant in the amount of approximately $61,676.00.

17. In 2020, the parties further modified Blaylock's employment contract, again revising the commissions he was to be paid; for the year 2020, Blaylock was again paid a monthly draw against his commission earnings.

18. For the year 2020, after reconciling Blaylock's earned commissions against the monthly draws, there remains commissions owed to Blaylock by Defendant in the amount of approximately $15,038.00.

***Unpaid Wages:***

19. In March 2020, Elite furloughed almost all of its employees, including Blaylock.

20. However, the owners of Elite continued to encourage employees, including Blaylock, to work during their furlough.

21. Elite knew, and/or had reason to believe, that Blaylock was continuing to work on a daily basis during his furlough.

22. Blaylock's work during the furlough was requested and/or encouraged by Elite.

23. Alternatively, the work performed by Blaylock while on furlough status was suffered or permitted, as that term is defined by 29 CFR §785.11.

24. Elite knew or had reason to believe that Blaylock was working throughout his furlough.

25. Therefore, Elite owes payment of wages, benefits and reimbursement for the time period beginning on the first day of the furlough instituted by Elite until July 3, 2020.

### *Breach of contract for ownership interest:*

26. Beginning in 2018, two shareholders of Elite, Daniel McKiernan ("McKiernan") and George Jewell ("Jewell"), promised Blaylock a 10% ownership interest in Elite.

27. McKiernan and Jewell promised Blaylock that he could use "sweat equity" as his financial contribution towards the purchase of the 10% ownership interest.

28. McKiernan and Jewell promised that Blaylock could use a portion of his commissions as the "sweat equity"; in particular, Blaylock would relinquish three percent (3%) commission payment on the sales that were subject to his employment contract in exchange for the purchase of a 10% ownership.

29. In fact, Elite withheld, and continues to withhold, half of Blaylock's commissions (which is the equivalent of 3% of the total sales prices on the affected sales) for sales made in 2019.

30. Elite has received the benefit of the bargain by withholding Blaylock's commissions.

31. Blaylock fully performed his contractual obligations.

32. Elite has breached its obligation to grant Blaylock a 10% ownership interest in Elite.

## COUNT I
## BREACH OF CONTRACT FOR COMMISSIONS

33. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

34. In 2016, the parties entered into a contract for the payment of commissions, as fully set forth above.

35. Elite has failed, refused and/or neglected to pay commissions to Blaylock that are due under the parties' employment contract.

36. The failure to pay commissions constitutes a breach of contract.

37. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages, including, but not limited to: lost commissions and lost wages.

## COUNT II
## VIOLATION OF SRCA (MCL 600.2961)

38. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

39. Blaylock was a sales representative for Elite, as that term is defined by Michigan's Sales Representative Commission Act ("SRCA"), MCL 600.2961.

40. At all pertinent times, Elite was a principal as that term is defined by the SRCA.

41. Pursuant to the SRCA, Elite was to pay Blaylock all commissions when they became due.

42. Elite's failure to pay Blaylock the commissions earned, less the monthly draws that he received, for the years 2019 and 2020 constitutes a violation of MCL 600.2961.

43. As a direct and proximate result of Defendant's violation of the SRCA, Plaintiff has suffered damages, including but not limited to: loss of commissions and attorney fees as allowed by statute.

44. Because Elite's failure to pay commissions was intentional, as that term is defined by the SRCA, Elite is liable to Blaylock an additional amount equal to two times the amount of actual damages.

## COUNT III
## VIOLATION OF FAIR LABOR STANDARDS ACT

45. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

46. Pursuant to the Fair Labor Standards Act, 29 USC §201, et. seq., Elite was required to pay wages to Blaylock for all work performed, suffered or permitted.

7

47. From March 23, 2020 to July 3, 2020, Blaylock was ostensibly on a furlough status and was not being paid by Elite.

48. From March 23, 2020 to July 3, 2020, Blaylock was continuing to work for Elite, despite having been furloughed and not being paid.

49. Elite knew or had reason to believe that Blaylock was continuing to work from March 23, 2020 to July 3, 2020.

50. Elite encouraged Blaylock and the other Elite employees to continue to work despite the fact that Elite did not pay its employees, and never had any intention to pay its employees during the furlough period.

51. Elite owes Blaylock all unpaid wages from March 23, 2020 to July 3, 2020.

52. As a direct and proximate result of Elite's violation of the FLSA, Blaylock suffered damages, including, but not limited to: lost wages, lost employment benefits, lost reimbursement benefits, attorney fees as allowed by statute, and liquidated damages as allowed by statute.

## COUNT IV
## BREACH OF CONTRACT FOR OWNERSHIP INTEREST

53. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

54. Plaintiff and Defendant had a contract for the sale and purchase of a 10% ownership interest by Plaintiff in Elite Engineering, Inc.

55. Plaintiff fully performed his contractual obligations.

56. Defendant breached the parties' contract by failing, refusing and/or neglecting to provide Plaintiff with a 10% ownership interest in Elite Engineering, Inc.

57. As a direct and proximate result of Defendant's breach of contract, Plaintiff suffered damages, including, but not limited to: loss of business ownership, loss of share of income, loss of share of profits, loss of increased value of ownership, loss of earnings, and loss of income.

## COUNT V
## UNJUST ENRICHMENT

58. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

59. Elite received a benefit from Blaylock, including reduced commission payments.

60. It is inequitable for Elite to keep those benefits in light of the false and misleading promises made by Elite that Blaylock would be granted a 10% ownership interest.

61. Blaylock relied to his detriment on the false and misleading promises made by Elite, including rejecting a job offer from another company that would have resulted in substantially higher yearly income for Blaylock.

62. Elite must compensate Blaylock for the benefits it received.

WHEREFORE, Plaintiff Randy Blaylock prays that this Honorable Court enter a judgment in his favor against Defendant Elite Engineering, Inc. in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## **JURY DEMAND**

Plaintiff Randy Blaylock hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: September 2, 2020